UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HOWARD JONES,

                              Plaintiff.

v.                                                                   Case # 11-CV-6484-FPG

                                                                      DECISION AND ORDER

ROCHESTER CITY SCHOOL DISTRICT,

                              Defendant.
_____

## INTRODUCTION

Plaintiff Howard Jones ("Jones") is an African American plumber who works for the Rochester City School District ("RCSD"). Jones is suing the RCSD for retaliating against him for engaging in protected activity, and brings this action under 42 U.S.C. § 2000 *et seq.* ("Title VII"), 42 U.S.C. § 1981, and Section 290 of the New York Human Rights Law ("NYSHRL"). Specifically, Jones complains that he received a nine day suspension from the RCSD on August 12, 2009, and that his suspension was a retaliatory act by the RCSD against him for filing a complaint with the EEOC.

The RCSD has moved for summary judgment (ECF No. 15), and advances two bases for granting their application. First, they argue that Jones' Complaint is untimely, and that the Title VII claims must therefore be dismissed. Second, they argue that the disciplinary acts that the RCSD took against Jones could not be retaliatory, since the RCSD was not aware of Jones' EEOC complaint until after the RCSD had already disciplined Jones.

For the following reasons, the Defendant's Motion is GRANTED, and this case is dismissed with prejudice.

DISCUSSION

A. <u>Summary Judgment</u>

The standard for ruling on a summary judgment motion is well known. A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In order to establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-87).

B. Timeliness of the Title VII claims

In their Motion for Summary Judgment, the RCSD argues that:

> A Plaintiff must commence a lawsuit pursuant to Title VII within ninety days of receipt of the Right to Sue letter from the EEOC. 42 U.S.C. Section 2000e5(f)(1), Section 12117(a). In this case, the Plaintiff received his Right to Sue letter on June 29, 2011 and filed his lawsuit on September 30, 2011, in excess of ninety days later. Therefore, his Title VII claim must be dismissed.

The RCSD's Rule 56 statement of material facts not in dispute also contains this proposed fact:

> 10. Notice of Right to Sue was received by the Plaintiff on June 29, 2011. (DN#1, ¶ 5.)

This statement is taken directly from the Plaintiff's Complaint (ECF No. 1), where paragraph 5 states that "Plaintiff received a Notice of Right to Sue on June 29, 2011." Importantly, Jones' Response to the Defendant's Statement of Material Facts states that Jones accepts the Defendant's proposed facts without objection, and he then re-lists each of the Defendant's 10 proposed statements of material facts. ECF No. 24-1. As such, there is no dispute that Jones actually received the Notice of Right to Sue letter on June 29, 2011.

In order to be timely, a claim under Title VII must be filed within 90 days of the claimant's receipt of a right to sue letter. 42 U.S.C. § 2000e-5(f)(1); *see also Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 149-50 (1984) (per curiam). Since Jones received the EEOC's Notice of Right to Sue on June 29, 2011, his Complaint was required to be filed within 90 days, or by September 27, 2011. Jones missed this deadline, and the Complaint before this Court was not filed until September 30, 2011 (*see* ECF No. 1), which is 3 days too late.

In an attempt to get around this problem, Jones now argues that "his then attorney commenced an action in this court on September 30, 2011, 93 days after the EEOC letter was

3

mailed, but within 90 days plus three days for mailing." ECF No. 24, ¶ 5. First, there is no evidence in the record to demonstrate that the Notice of Right to Sue letter was mailed on September 30, 2011, and this bald statement by counsel is insufficient at the summary judgment stage. While Jones is correct that courts ordinarily presume that a right to sue letter is received within three days of the date on which it is mailed, *Sherlock v. Montefiore Med. Ctr*, 84 F.3d 522, 525 (2d Cir. 1996), this presumption is irrelevant, since Jones has affirmatively agreed that he in fact *received* the Right to Sue letter on June 29, 2011.

Although not raised by Jones, I would note that the time limitations in Title VII cases are subject to waiver, stopper, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). However, Jones has not advanced any reason to support equitable tolling, despite being on notice that timeliness was an issue in the present motion, so there is no basis upon which to support equitable tolling in this case.

As a result, Jones' Title VII claim is untimely and must be dismissed.

C. Retaliation Claims Under Section 1981 and NYSHRL Section 290

Retaliation claims are analyzed under the familiar burden-shifting framework of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-804 (1973). *See Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010).

In order to make out a *prima facie* case of retaliation under Section 1981, Jones must "adduce evidence sufficient to permit a rational trier of fact" to find that (1) he engaged in protected activity under the anti-discrimination statutes; (2) the employer was aware of this activity; (3) the employer took adverse action against the plaintiff; and (4) a causal connection exists between the protected activity and the adverse action. *Id.* Although a plaintiff's burden at

this stage has been described as "minimal" and "*de minimis*," Jones has nevertheless failed to carry his burden.

The RCSD argues that the retaliation claims[1] must be dismissed, since there is no evidence in the record to demonstrate that the school district knew of Jones' EEOC complaint (dated October 1, 2009 and received by the school district on October 16, 2009) when it disciplined him on October 8, 2009. In terms of the timing, these dates are undisputed, as Jones has also accepted as undisputed facts the following statements from the RCSD's Rule 56 Statement of Material Facts Not in Dispute:

> 7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on October 1, 2009. (DN #1, ¶ 4; Ex. "D")
>
> 8. On October 8, 2009 a disciplinary meeting was held whereat a letter from Jamie Warren was presented to Plaintiff, which informed Plaintiff that a nine day suspension was being imposed against him based on the findings in Mr. Sheppard's report. (Griffin Declaration, ¶ 6; Ex. "G")
>
> 9. The District received notice of that charge of discrimination on October 16, 2009 (Briggs Declaration, ¶ 5; Ex. "D"). Joseph Griffin received notice of the charge of discrimination on October 22, 2009. (Griffin Declaration, ¶ 7)

ECF No. 15-3.

In his responding papers, Jones discusses his belief that he was *discriminated against* during an August 5, 2009 incident regarding a water fountain at Franklin ("the warranty issue") and an August 10, 2009 incident regarding a leak at Edison ("the supposed water leak"). One problem with this argument is that this is not a simple discrimination case; it is a retaliation case. And in order to rely on these two incidents – which are exactly what he was disciplined for on October 8, 2009, prior to the date of the RCSD receiving Jones' EEOC charge – Jones must

---

[1] Although the Title VII retaliation claim has been dismissed as untimely, this substantive analysis applies whether the claims are those brought under Title VII, Section 1981, or the NYSHRL.

establish that the RCSD was aware that Jones engaged in protected activity, namely, by filing the EEOC charge.

Indeed, these August 2009 incidents are the only specific incidents alleged in Jones' Complaint before this Court. Jones does include some additional boilerplate language in paragraphs 13 and 14 of his Complaint, which read as follows:

> 13. Notwithstanding, Plaintiff filed grievances with his union and with the EEOC historically based on his good faith belief that he had been subject to disparate treatment at work on the basis of race discrimination.
>
> 14. For example, Plaintiff was admonished by his supervisor that he "had better find another job" because otherwise, Plaintiff "would be harassed until [he] was fired."

There are no details provided to support these statements, and without any time period or attribution of the alleged statement, there can be no causal connection to the complained of discipline, and therefore cannot form the basis for a retaliation claim.

Ultimately, the problem with Jones' argument is that there is no proof in the record to establish that the school district was aware of Jones' filing of his EEOC charge at the time the RCSD disciplined him on October 8, 2009. Indeed, Jones agrees that the RCSD didn't receive notice of the EEOC charge until October 16, 2009, some eight days after the RCSD imposed the now complained of discipline. Without any proof to demonstrate that the RCSD knew of his EEOC complaint *prior* to their imposition of discipline on October 16, 2009, Jones cannot make out his *prima facie* case.

Jones' alternative argument to defeat summary judgment is that his EEOC charge dated October 1, 2009 states that he has "filed grievances with my union and with the EEOC during the past 4 years for disparate treatment I have received on the job on the basis of race

6

discrimination." While the argument is not well developed, it seems that Jones is arguing that these "prior" grievances and complaints should save this action from summary judgment.

In addition to accepting the RCSD's Rule 56 Statement of Material Facts Not in Dispute, Jones proposes the following additional facts in his Statement of Material Facts, which he claims warrant a trial in this matter:

1. Howard Jones is and was an experienced plumber. [Jones Declaration at par. 2].

2. Jones was initially the only African American doing plant maintenance work. [Jones Declaration at par. 3].

3. Shortly after taking a job as a plumber with the school district, he was treated differently and suffered job discrimination. [Jones Declaration at par. 5, 6 and 7].

4. Plaintiff was treated differently than the others in his job classification, which amounted to disparate treatment. [Jones Declaration at par. 3-7].

5. Plaintiff filed a variety of complaints about the disparate treatment to no avail. [Jones Declaration at par. 3]

6. Plaintiff's complaints concerning disparate treatment were protected activity.

7. As a result of his legitimate complaints, plaintiff suffered further discriminatory treatment and was retaliated against by loss of overtime, false charges of incompetence and negligence. [Jones Declaration at par. 5, 6, 7 an[d] 8].

ECF No. 24-1.

While Jones talks about disparate treatment, this cannot be the sole basis for this lawsuit – since it was brought as a retaliation claim. Those separate complaints to the school district regarding his alleged disparate treatment could theoretically be the basis for a retaliation claim, but I don't think they are properly part of this lawsuit. The Complaint is clearly focused on the August 2009 discipline and the related EEOC charge, and unless Jones can point to evidence in

7

the record to establish that the district knew he filed the October 2009 charge, he cannot establish the required causal link between the charge and the disciplinary action. Similarly, while Jones has some generic claims that he was continuously discriminated against and denied overtime, they are without factual support, provide no time frame, and are outside of the Complaint's allegations.

The final example that Jones mentions in his Declaration is an incident from "early 2009." This incident suffers from the same problems, and is not mentioned in the Complaint. But even if it were, the allegations are again insufficient. Jones now alleges that:

> Early in 2009, the sinks in a science lab at East H. S. Were (sic) not draining. It was during final exams, and the students needed to use the sinks as par (sic) of their tests. I could not repair them during the school day so I requested approval for doing the work after hours, which would involve overtime which was denied. Thereafter, Mr. Griffith and Mr. Jiminez, neither one a plumber, decided to do the work themselves, and Mr. Jiminez was burned by acid. He accused me of placing the acid in the drain, all without any proof except his imagination. There was no evidence that I ever did any work on those sinks during the period in question. He nevertheless filed a grievance against me, which was quickly denied. I discovered that the last purchase of acid for our work was made by a white employee, who was never charged or investigated. I know the white individual and I am sure he had nothing to do with the injury to Mr. Jiminez, but without any evidence, Jiminez accused me.

ECF No. 24-2, ¶ 7.

Putting aside that these allegations are outside of what is alleged in the Complaint, Jones alleges no adverse employment action as a result of this incident, and that failure is fatal to any claim based upon this conduct. Further, Jones has adduced no facts to demonstrate the required causal connection between this incident and any possible adverse action, especially since to make this showing, "the protected activity [must be] closely followed in time by the adverse action." *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 (2d Cir. 2001). Additionally, Jones has brought this action against the RCSD, not against Jiminez. In order to hold the RCSD liable for illegal harassment by a non-

supervisory co-worker, the "employer's vicarious liability depends on the plaintiff showing that the employer knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action." *Petrosino v. Bell Atl.*, 385 F.3d 210, 225 (2d Cir. 2004); *see also Burns v. City of Utica*, 590 F. App'x 44, 47-48 (2d Cir. 2014) (An employer may only be held liable for harassment by a co-worker when the employer "either provides no reasonable avenue for the complaint or knew of the harassment but did nothing about it."). Jones has utterly failed to meet any of these standards.

While Jones has failed to establish a *prima facie* case, even assuming that he had met his *prima facie* burden, the RCSD has still offered legitimate, non-discriminatory reasons for Jones' suspension, and Jones has failed to produce any evidence to demonstrate that the reasons were a pretext for retaliation.

Regarding the RCSD's legitimate, non-discriminatory reason for suspending Jones, the parties agree that he was suspended as the result of a September 22, 2009 investigation conducted by James Sheppard, Director of Safety and Security for the RCSD, who is also African American, and that investigation "concluded with a finding that Plaintiff engaged in misconduct based on [Sheppard's] investigation of Plaintiff's actions which occurred in August 2009." This statement, contained in paragraph 4 of the RCSD's Rule 56 Statement of Material Facts Not in Dispute, is undisputed by Jones. Sheppard's Report found that in August 2009, Jones: (1) performed work unsatisfactorily, in that it caused the voiding of the warranty on four water fountains at Franklin High School; (2) that the four fountains that Jones removed were discarded incorrectly, and in a manner that violated the Clean Air Act; (3) that Jones removed a sink at Edison High School, and left the job site although a steady flow of water was coming out from that area. *See* ECF No. 15-6, Ex. E. Also undisputed by Jones is the RCSD's next statement of material facts, contained in paragraph 5, which states that "Joseph Griffin,

Plaintiff's supervisor, and Jamie Warren, Director of Human Capital Initiatives, consulted with one another and concluded, based on the results of Mr. Sheppard's Investigation and Plaintiff's disciplinary history, that an unpaid suspension was warranted." Indeed, on October 8, 2009, a letter from Warren was presented to Jones, informing him that based upon the results of the Sheppard investigation, that he was being suspended for nine days. *See* ECF No. 15-3, ¶ 8.

In order to overcome the district's legitimate, non-discriminatory reasons for disciplining him, Jones must establish that the RCSD's actions were pretextual. To establish pretext with respect to a retaliation claim, Jones' admissible evidence must show "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Kwan v. Andalex Grp. LLC,* 737 F.3d 834, 835 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Univ. of Texas Sw. Med. Ctr. v. Nassar,* —— U.S. ——, 133 S.Ct. 2517, 2533 (2013)). As the Second Circuit recently held, "for an adverse retaliatory action to be 'because' a plaintiff made a charge, the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action. It is not enough that retaliation was a 'substantial' or 'motivating' factor in the employer's decision. [B]ut-for causation does not, [however,] require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive. Further, the but-for causation standard does not alter the plaintiff's ability to demonstrate causation ... through temporal proximity." *Vega v. Hempstead Union Free Sch. Dist.,* No. 14-2265-CV, --- F.3d ----, 2015 WL 5127519, at *15 (2d Cir. Sept. 2, 2015) (internal quotations and citations omitted).

In other words, Jones must demonstrate that he would not have been suspended for nine days but-for the fact that he filed the EEOC charge. This he cannot do, since Jones agrees that the RCSD did not know of his EEOC charge at the time he was suspended.

For all of these reasons, Jones' retaliation claims fail when viewed on the merits, and the RCSD is entitled to summary judgment.

## CONCLUSION

Based upon the foregoing, Defendants' Motion for Summary Judgment (ECF No. 15) is GRANTED, and the Complaint is dismissed with prejudice. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED:   September 30, 2015
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Judge